IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3167-FL

| | | |
|---|---|---|
| JAMES JOSEPH OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) (DE # 12) and defendant's motion for a protective order (DE # 16). These matters are ripe for adjudication. For the following reasons, the court denies defendant's motion to dismiss and denies as moot defendant's motion for a protective order.

## BACKGROUND

On October 16, 2009, plaintiff brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, against defendant. Plaintiff alleges that in May 2007 he was transferred from the Federal Correctional Institution in Butner, North Carolina ("FCI Butner") to a community correctional center in Raleigh, North Carolina. He alleges that his FCI Butner case manager informed him that his blood pressure and diabetes medications, which he had been taking in prison, would be forwarded to the community correctional center within seven days of his transfer. Plaintiff claims that the community correctional center did not receive his medication refills from FCI Butner, and that he began to experience blurred vision and dizziness in June 2007.

According to plaintiff, he then had a medical emergency caused by a failure to take the medication, and required emergency treatment on his lungs and heart.

On December 2, 2009, the court allowed plaintiff to proceed with his FTCA claim. On March 5, 2010, defendant filed a motion to dismiss, arguing that plaintiff failed to comply with the pre-filing certification requirements for medical malpractice claims under North Carolina Rule of Civil Procedure 9(j). On March 15, 2009, defendant filed a motion to stay discovery and for a protective order. Plaintiff filed a response to defendant's motion to dismiss on March 15, 2009.

**DISCUSSION**

A.  Motion to Dismiss

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor will the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

2

2.  Analysis

An individual may seek relief from the United States under the FTCA only where the same relief sought is available against a private person in the state where the cause of action arose. See, e.g., United States v. Muniz, 374 U.S. 150, 152-53 (1963); Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991). "State law determines whether there is an underlying cause of action; but federal law defines the limitations period and determines when that cause of action accrued." Id. at 303. "[F]ederal courts apply the substantive law of the state in which the act or omission giving rise to the action occurred." Myrick v. United States, 723 F.2d 1158, 1159 (4th Cir. 1983). In this case, plaintiff was incarcerated in North Carolina throughout the relevant time period. Thus, the court examines North Carolina substantive law in determining whether plaintiff has stated a claim.

North Carolina imposes substantive legal requirements that a person must follow to pursue a medical malpractice claim. Under North Carolina Rule of Civil Procedure 9(j), a plaintiff's medical malpractice complaint must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. See N.C. R. Civ. P. 9(j)(1), (2); see, e.g., Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004); Moore v. Pitt Cnty. Mem'l Hosp., 139 F. Supp. 2d 712, 713 (E.D.N.C. 2001). Alternatively, the complaint must allege facts establishing negligence under the common-law doctrine of *res ipsa loquitur*. See N.C. R. Civ. P. 9j(3). Failure to comply with Rule 9(j) is grounds for dismissal of a state medical malpractice claim brought in federal court, including a claim against the United States under the FTCA. See, e.g., Hill v. United States, No. 5:08-CT-3070-D, 2010 WL 3075495 at *13-15 (E.D.N.C. Aug. 5, 2010).

3

Under North Carolina law, "[a] medical malpractice action is any action for damages for personal injury or death arising out of the furnishing of or failure to furnish professional services by a health care provider...." Horton v. Carolina Medicorp, Inc., 344 N.C. 133, 137, 472 S.E.2d 778, 781 (1996) (citing N.C. Gen. Stat. § 90-21.11). However, not every action against a health care provider is a medical malpractice action, and a plaintiff may bring an ordinary negligence claim without meeting the requirements of Rule 9(j). Iodice v. United States, 289 F.3d 270, 276-77 (4th Cir. 2002) (applying North Carolina law). For example, a hospital may be liable for ordinary negligence for "'fail[ing] to promulgate adequate safety rules relating to the handling, storage, and administering of medication," or for "failing to 'monitor and oversee . . . treatment.'" Id. at 277 (quoting Bost v. Riley, 44 N.C. App. 638, 647-48, 262 S.E.2d 391, 396-97 (1980)).

Here, plaintiff's claim sounds in ordinary negligence, and is not a medical malpractice action as defined by North Carolina law. Plaintiff alleges that the staff at FCI Butner acted with ordinary negligence when they failed to transport his diabetic and high blood pressure medication to the community correctional center to which plaintiff was transferred. This claim does not arise out of "the furnishing of or failure to furnish professional services by a health care provider," see Horton, 344 N.C. at 137, 472 S.E.2d at 781, but instead is more akin to an organization's failure to properly administer medication and oversee treatment once prescribed by a medical professional. Cf. Bost, 44 N.C. App. at 647-48, 262 S.E.2d at 396-97. Accordingly, because his claim is one for ordinary negligence, plaintiff is not required to meet the requirements of Rule 9(j). Plaintiff may proceed with his FTCA claim, and defendant's motion to dismiss is DENIED.

4

B.  Motion for Protective Order

Defendant filed a motion for a protective order from plaintiff's discovery requests, seeking to stay discovery until the court rules upon its motion to dismiss. The court now has ruled upon defendant's motion to dismiss, defendant's motion for a protective order is DENIED as moot.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss (DE # 12) is DENIED. Plaintiff's motion for a protective order (DE # 16) is DENIED as moot.

SO ORDERED, this the 27th day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge