IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3167-FL

| | | |
|---|---|---|
| JAMES JOSEPH OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brought this action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.*, against defendant the United States. The matter comes before the court on plaintiff's motion to amend (DE # 40) and unopposed motion to lift the stay of discovery (DE # 47). These matters are ripe for adjudication. For the following reasons, the court denies as futile plaintiff's motion to amend, but grants his motion to lift the stay of discovery.

Plaintiff seeks to amend his complaint to include Warden John Doe, Hospital Administrator John Doe, and Case Manager Hoosier as defendants in this action. Plaintiff requires leave of court to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). Fed. R. Civ. P 15(a). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). A district court may deny a motion to amend a pleading where amendment would be futile. Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999). Here, amendment would be futile because the defendants plaintiff seeks to add are improper parties to an action pursuant to the FTCA. See 28 U.S.C. §§ 1346(b), 2674, 2679 (stating that the

proper party for a suit brought under the FTCA is the United States of America). Thus, plaintiff's motion to amend is DENIED as futile.

The court turns to plaintiff's motion to lift the stay of discovery. On March 14, 2011, the court granted defendant's request to stay discovery pending the resolution of court-hosted mediation. Magistrate Judge David W. Daniel conducted a settlement conference on May 19, 2011, which did not result in a settlement. The court now finds it appropriate to life the stay of discovery, and plaintiff's motion is GRANTED.

For the foregoing reasons, plaintiff's motion to amend (DE # 40) is DENIED as futile and his motion to lift the stay of discovery (DE # 47) is GRANTED. Because the stay is lifted, the court enters the following scheduling order:

1. All discovery shall be commenced or served in time to be completed by March 20, 2012.

2. All motions shall be filed in compliance with Local Civil Rule 7.1.[1]

---

[1] Local Civil Rule 7.1, provides in pertinent part the following: (1) "[a]ll motions shall be concise and shall state precisely the relief requested"; (2) "all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum"; (3) "[a]ny party may file a written response to any motion"; (4) for non-discovery motions, "[r]esponses and accompanying documents shall be filed within twenty-one (21) days after service of the motion in question" unless the court directs otherwise; (5) for discovery motions, "responses and accompanying documents relating to discovery motions shall be filed within fourteen (14) days after service of the motion in question unless otherwise ordered by the court"; and (6) "[r]eplies to responses are discouraged. However . . . a party desiring to reply to matters initially raised in a response . . . shall file the reply within fourteen (14) days after service of the response, unless otherwise ordered by the court."

2

3. All motions, including dispositive ones, shall be filed by April 20, 2012.

SO ORDERED, this the 17th day of October, 2011.

LOUISE W. FLANAGAN
United States District Judge

3