IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3167-FL

| | |
|---|---|
| JAMES JOSEPH OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on plaintiff's motions for summary judgment (DE #s 59, 60) pursuant to Federal Rule of Civil Procedure 56, motion to strike "all settlement business proposals" (DE # 66), and motion to compel (DE # 69). Defendant the United States of America ("defendant") responded to plaintiff's motions for summary judgment and motion to compel. Also before the court is defendant's motion to dismiss, or in the alternative, for summary judgment[1] (DE # 71), to which plaintiff responded. In this posture, these issues are ripe for adjudication. For the following reasons, the court grants defendant's motion for summary judgment, but denies plaintiff's motions for summary judgment, motion to strike, and motion to compel.

---

[1] Because the parties attached matters that are outside of the pleadings, the court construes defendant's motion as a motion for summary judgment.

**STATEMENT OF THE CASE**

On October 16, 2009, plaintiff brought this action against defendant pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.* Plaintiff alleges that in May 2007, he was transferred from the Federal Correctional Institution in Butner, North Carolina ("Butner"), to the Cavalacorp Community Correctional Center in Raleigh, North Carolina ("Cavalacorp"). Plaintiff alleges that Butner staff failed to forward his medications to Cavalacorp within the required seven days of his transfer. Plaintiff further states that in June 2007, he began to experience blurred vision and dizziness. Plaintiff alleges that he then had a medical emergency due to his failure to take his prescribed blood-pressure medication, which required emergency treatment on his lungs and heart. As relief, plaintiff requests damages "not less than $10,000,000.00 and the home that his wife owns [] and three other upscale homes with all taxes paid for by the Government for 10 years." Pl.'s Mot. for Summary J. p. 3.

Defendant subsequently filed a motion to dismiss, arguing that plaintiff failed to comply with the pre-filing certification requirements for medical malpractice claims under North Carolina Rule of Civil Procedure 9(j). The issues raised were fully briefed. On December 28, 2010, the court construed plaintiff's action as one for ordinary negligence and not medical malpractice. As a result, the court determined that plaintiff was not required to meet the pre-filing certification requirement of Rule 9(j), and allowed him to proceed with his FTCA action pursuant to a theory of ordinary negligence. For this reason, the court denied defendant's motion to dismiss and subsequently entered a case management schedule which permitted the parties to engage in discovery.

On February 28, 2011, defendant filed a motion to stay discovery and for court-hosted mediation. Plaintiff opposed defendant's motion to stay discovery, but not its motion for court-

hosted mediation. The court subsequently entered an order granting defendant's motion for court-hosted mediation and referred the matter to Magistrate Judge David W. Daniel for a court-hosted settlement conference pursuant to Local Civil Rule 101.1, E.D.N.C. The court also stayed discovery finding a stay was efficient on the grounds that the action may be resolved without the need of further discovery.

After the magistrate judge conducted the settlement conference, the matter was not resolved. Accordingly, the court entered a case management order governing discovery and dispositive motions.

Following the conclusion of discovery, plaintiff filed two motions for summary judgment, which were fully briefed. Plaintiff also filed a motion to strike and a motion to compel discovery. Defendant then filed a motion for summary judgment arguing that the court is without jurisdiction to hear plaintiff's FTCA claim. Defendant further argues that, to the extent plaintiff relies upon a theory of ordinary negligence, his claim fails because he has not demonstrated any damages. Finally, defendant argues that it is entitled to summary judgment on plaintiff's ordinary negligence claim due to plaintiff's contributory negligence. The matter was fully briefed.

**STATEMENT OF FACTS**

The undisputed facts are as follows. On May 22, 2007, plaintiff, then a federal inmate, was transferred from Butner to Cavalacorp. Def.'t's Resp. to Pl.'s Mot. for Summary J. Ex. B. At the time of the transfer plaintiff was taking medication for diabetes and high blood pressure. Plaintiff possessed a small supply of his medication when he arrived at Cavalacorp, which lasted until May 28, 2007. Compl. p. 4. At some point, plaintiff's supply of blood-pressure medication ran out. In the interim, staff at Cavalacorp made unsuccessful attempts to obtain an additional thirty (30) day

3

supply of plaintiff's medications from the Butner pharmacy.[2]  Def.'t's Resp. to Pl.'s Mot. for Summary J. Ex. B.

On June 5, 2007, plaintiff decided not to eat breakfast because he was not happy with the food selections at Cavalacorp. Owens Depo. p. 46. Plaintiff's blood pressure was elevated, and he "started going into uncontrollable shaking; shortness of breath; double vision and numbness, lack of sensation in [his] feet and hands." Compl. p. 8. Plaintiff then lost consciousness and was transported by ambulance to Wake Medical Center. Id. Plaintiff arrived at the hospital at 8:39, and his chief complaints were "dizziness/feeling drunk and hypertension." Def.'t's Resp. to Pl.'s Mot. for Summary J. Ex. C (internal quotation omitted). Plaintiff also complained that he had not had his prescribed blood pressure medications for approximately ten (10) to twelve (12) days.[3] Id. Plaintiff reported that he was not experiencing any pain. Id. Wake Medical staff noted that plaintiff was not in pulmonary distress, and that plaintiff denied any chest pain. Id. Medical staff also noted that plaintiff was "unable to specify the dizziness," that he "report[ed] generalized weakness without focal neurological symptoms," and that he was suffering from delusions. Id. pp. 5-6. Plaintiff was treated with intravenous fluids and was provided a one-month supply of his diabetes and blood pressure medications. Id. pp. 1-3, 8. Plaintiff was discharged from the hospital at 11:20 on June 5, 2007. Id. p. 9.

---

[2]  On June 1, 2007, Nancy Davis from Butner sent Cavalacorp officials an email stating that they were going to fill plaintiff's prescriptions and forward them to Cavalacorp. Def.'t's Resp. to Pl.'s Mot. for Summary J. Ex. B.

[3]  The court notes that plaintiff's medical records reflect that plaintiff was taking his medications for diabetes on June 5, 2007. Pl.'s Mot. to Strike Ex. pp. 29-30.

4

The next day, plaintiff returned to his normal daily activities, which included a "10-piece calisthenic exercise" program. Compl. p. 5; Pl.'s Depo. p. 65. Plaintiff also resumed his duty of cleaning Cavalacorp. Pl.'s Depo. pp. 65-68.

**DISCUSSION**

A.     Motion to Compel

Plaintiff seeks a court order compelling defendant to provide him with certain discovery materials. Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979); see Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995); see Erdmann v. Preferred Research Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988).

Plaintiff, in his motion, requests that defendant provide him with "the FEDERAL REGULATIONS that the officer referred to when speaking with his sister on June 5, 2007." Pl.'s

Mot. to Compel p. 4. Plaintiff also requests that defendant "deliver the names and positions of [ANY] and [All] personnel from the Florence Colorado ADMAX facility who had obligations not to be negligent [in] the preparation, and dispensation of plaintiff's medications[.]" Id. p.3. In opposition, defendant asserts that these discovery requests are vague and overly broad. The court agrees with defendant. Plaintiff has not articulated any need warranting the broad and potentially burdensome discovery. Thus, the court denies plaintiff's motion to compel as to these discovery requests.

The court now turns to plaintiff's request that the court compel defendant to provide information regarding an unnamed person employed by the Garner Emergency Medical Service. In opposition to plaintiff's motion to compel, defendant asserts that the Garner Emergency Medical Service is not an agent of defendant, but is a non-profit entity overseen by a private board of directors. Defendant further asserts that it provided plaintiff with a copy of the report from Garner Emergency Medical Services, which was produced as a result of the incident.

Federal Rule of Civil Procedure 34 requires a party to produce only those documents that are within the party's "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). Rule 34 "control" does not "require a party to have legal ownership or actual physical possession of any [of the] documents at issue." Goodman v. Praxair Servs., Inc., 632 F. Supp. 2d 494, 515 (D. Md. 2009) (citation and internal quotation marks omitted). Instead, "documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." Id. (citation omitted). Additionally, Rule 26(b)(2)(C) instructs the court to "limit the frequency or extent of discovery otherwise allowed" if, inter alia, "the discovery

6

sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

Based upon the foregoing, it does not appear that the information plaintiff seeks is within defendant's control. Further, it would be more convenient and less burdensome for plaintiff to request the sought after information directly from Garner Emergency Medical Services. Thus, the court DENIES plaintiff's motion to compel as to this issue.

B.      Motion to Strike

Plaintiff filed his motion to strike to inform the court that all settlement proposals are "off of the table." Pl.'s Mot. to Strike p. 12. Settlement discussions are not within the province of the court. Accordingly, plaintiff's motion is DENIED.

C.      Plaintiff's Motions for Summary Judgment

Plaintiff filed two motions for summary judgment on his FTCA claim. Plaintiff has not met his burden of demonstrating that there is no genuine issue of material fact with regard to his alleged FTCA claim. Thus, his motions for summary judgment are DENIED.

D.      Defendant's Motion for Summary Judgment

1.      Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material

7

fact requiring trial. <u>Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. <u>Anderson</u>, 477 U.S. at 250.

    2.    Analysis

The FTCA is a waiver of the United States' sovereign immunity, which permits a claimant to sue the United States for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . .." 28 U.S.C. § 2675(a); <u>United States v. Kubrick</u>, 444 U.S. 111, 116 n. 4 (1979). Under the FTCA, the substantive law of the place where the act or omission occurred is to be applied, which in this case is North Carolina. <u>Cibula v. United States</u>, 551 F.3d 316, 319 (4th Cir. 2009) (citing 28 U.S.C. § 1346(b)(1)).

North Carolina law requires that "in order to prevail in a negligence action, [a plaintiff] must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." <u>Camalier v. Jeffries</u>, 340 N.C. 699, 460 S.E.2d 133, 136 (1995). "Actionable negligence is the failure to exercise the degree of care which a reasonable and prudent person would exercise under similar conditions. A defendant is liable for his negligence if the negligence is the proximate cause of injury to a person to whom the defendant is under a duty to use reasonable care." <u>Hart v. Ivey</u>, 332 N.C. 299, 420 S.E.2d 174 (1992) (internal citations omitted).

Defendant argues that plaintiff failed to present evidence in support of one of the essential elements of a negligence claim--damages. Under North Carolina law, "the party seeking damages must show that the amount of damages is based upon a standard that will allow the finder of fact to calculate the amount of damages with reasonable certainty." <u>Olivetti Corp. v. Ames Bus. Sys., Inc.</u>,

319 N.C. 534, 546-48, 356 S.E.2d 578 (1987). The party seeking damages bears the burden of proof. Id. at 586.

In this case, plaintiff seeks compensatory damages[4] for alleged mental anguish stemming from his belief that he was going to die on June 5, 2007. The FTCA hinges the recovery of compensatory damages for exclusively mental or emotional injuries on the showing of an accompanying physical injury. See 28 U.S.C. § 1346(b)(2) ("No person convicted of a felony who is incarcerated . . . while serving a sentence may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The FTCA does not define "physical injury" for the purposes of § 1346(b)(2). Other courts, however, have found that the physical injury does not need to be significant, but that it must be more than *de minimis* to be actionable. See e.g., Calderon v. Foster, No. 5:05-cv-00696, 2007 WL 1010383, at *8 (S.D.W. Va. Mar. 30, 2007), aff'd, 264 F. App'x 286 (4th Cir. 2008). Additionally, other courts have found that the physical injury requirement in § 1346(b)(2) is similar to that under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). Id.; see e.g., Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

The Fourth Circuit has not directly addressed this issue. However, it affirmed the dismissal of an inmate's claim upon a finding of *de minimis* injury under similar circumstances in Calderon v. Foster, No. 5:05-cv-00696, 2007 WL 1010383 (S.D.W. Va. Mar. 30, 2007).[5] In Calderon, the plaintiff, an inmate with a history of two heart attacks, alleged that he experienced heart attack

---

[4] The FTCA provides that a plaintiff may not recover punitive damages. See 28 U.S.C. § 2674 (providing that the United States "shall not be liable for . . . punitive damages.")

[5] The court notes that the Calderon court found that plaintiff's injuries were *de minimis* for the purposes of both the Eighth Amendment and §1346(b)(2). Calderon, 2007 WL 1010383, at * 4-8.

9

symptoms, including "chest pains, shortness of breath, dizziness, and shaking," after an object hit his door and produced a loud noise. Id. at *4. The court in Calderon determined that plaintiff's injury was *de minimis* finding that "[a]lthough the[] symptoms may have caused Plaintiff discomfort, they [did] not rise to the requisite level of severity." Id. The Calderon court reasoned that plaintiff was examined after the incident, "and that the registered nurse noted that his chest pain was 'relieved almost completely' after taking nitroglycerin" and that after spending approximately two hours at the prisons' health services center, his symptoms had "fully subsided." Id.

The court is cognizant of case law in the Third Circuit Court of Appeals in which it remanded an action to allow the district court to assess whether the plaintiff's allegations that he was dizzy, weak, nauseous, and had a headache, immediately following an asthma attack, were sufficient to meet the statutory criteria of § 1346(b)(2) . Perez v. United States, 271 F. App'x 240, 242 (3d Cir. 2008). Subsequent to its initial remand, the Perez court noted that the plaintiff's reported "symptoms, associated with his asthma attack, were of such a severity that he needed steroids, prescription medicine, and other medical treatment to recover." See Perez v. U.S., 330 F. App'x 388, at *2 (3d Cir. May 22, 2009). Accordingly, the Third Circuit in Perez again found that there was a genuine issue of material fact with regard to whether the plaintiff's alleged injury was *de minimis*. Id.; see also Morris v. Levi, No. 08-3842, 2011 WL 1936778, * 8 (E.D. Pa. Apr. 21, 2011) (finding the plaintiff "alleged enough facts of physical injuries to overcome summary judgment" where he "was seen on multiple occasions for dizziness, sharp check pains, increased heart rate, and blacking out.")

Upon a review of plaintiff's medical records, however, the court finds this case distinguishable from Perez in that the plaintiff in Perez suffered his alleged injuries as a direct result

10

of his asthma attack. Here, plaintiff's medical records do not reflect that plaintiff suffered any injury as a direct result of the deprivation of his blood pressure medication. The court instead finds this action more similar to Calderon in that plaintiff's dizziness and "general weakness" were resolved within a short period of time and with minimal treatment. Finally, the *de minimis* nature of plaintiff's injury is reflected in the fact that he resumed his normal daily activities, including a strenuous exercise routine, the day after the alleged incident.

Indeed, courts have found more severe injuries than plaintiff's alleged temporary dizziness and weakness to constitute *de minimis injuries*. See, Perkins v. Dewberry, No. 1:03cv1335, p. 12 (E.D. Va. Feb. 8, 2005), aff'd, 139 F. App'x 599, at *1 (July 28, 2005) (dismissing mental anguish claim as meritless because alleged bruising and back pain caused by being hit several times by a "pepperball launcher" are *de minimis* physical injuries, and cannot support a claim for mental or emotional injury) (citing 42 U.S.C. § 1997e(e)); Jarriet v. Wilson, 162 F. App'x 394, 401 (6th Cir. 2005) (finding that "swelling, pain, and cramps" constituted *de minimis* injuries); Alexander v. Tippah County, 351 F.3d 626, 631 (5th Cir. 2003) (finding inmate's vomiting and nausea was a *de minimis* injury not constituting a "physical injury" under § 1997e(e))); Siglar v. Hightower, 112 F.3d 191, 193-194 (5th Cir. 1997) (concluding that a sore, bruised ear lasting for three days was *de minimis* and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); Abney v. Valdez, No. 3:05CV-1645-M, 2005 WL 3147863, at *2 (N.D. Tex. Oct. 27, 2005) (finding daily migraines, frequent urination, and itchy watery eyes were insufficient to establish "physical injury" requirement); Mitchell v. Horn, Civ.A. 98-4742, 2005 WL 1060658, at *1 (E.D. Pa. May 5, 2005) (finding severe headaches, severe stomach aches, severe dehydration, loss of weight, and itching were temporary *de minimis* injuries). Thus, because plaintiff has not

11

Case 5:09-ct-03167-FL   Document 77   Filed 12/06/12   Page 11 of 12

established that he suffered any physical injury in this case, he is unable to satisfy the damages element for his negligence claim. Accordingly, defendant's motion for summary judgment is GRANTED.

## CONCLUSION

Based upon the foregoing, plaintiff's motions for summary judgement (DE #s 59, 60), motion to strike (DE # 66), and motion to compel (DE # 69) are DENIED. Defendant's motion for summary judgment (DE # 71) is GRANTED.

SO ORDERED, this the 6th day of December, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge